BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR )<br>PRODUCTS LIABILITY LITIGATION ) | MDL No. 2789 |

INTERESTED PARTY RESPONSE IN SUPPORT OF THE SECOND MOTION FOR
TRANSFER OF ACTIONS FOR CENTRALIZATION OF PRETRIAL PROCEEDINGS

***Oral Argument Requested***

## I.   INTRODUCTION

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation, counsel for the seventeen (17) actions listed below[1] respectfully

submits this Interested Party Response In Support of the Second Motion for Transfer of Actions

for Centralization of Pretrial Proceedings to the District of New Jersey (Document #30).  While

the Panel denied centralization of Proton Pump Inhibitors upon a previous motion by the

undersigned firm on February 2, 2017, (ECF – No 105, MDL No. 2757) there have been one

hundred and forty three (143) Proton Pump Inhibitor complaints filed in Federal District court

---

[1] *Thomas v. Takeda Pharmaceuticals USA, Inc. et al;* 1:16-cv-01566; EDCA
*Davis v. AstraZeneca Pharmaceuticals LP et al;* 3:16-cv-00686; MDLA
*Hornfeck v. AstraZeneca Pharmaceuticals LP et al;* 5:16-cv-01243; NDNY
*Modicue v. AstraZeneca Pharmaceuticals LP et al;* 6:16-cv-01444; WDLA
*Coleman et al v. AstraZeneca Pharmaceuticals LP et al;* 3:17-cv-00130; SDIL
*Roberts v. AstraZeneca Pharmaceuticals LP et al;* 5:17-cv-00117; EDKY
*Williams v. AstraZeneca Pharmaceuticals LP et al;* 2:17-cv-03972; EDLA
*Thacker v.  The Procter & Gamble Company, et al.;* 7:17-cv-00078; EDKY
*Meeks v. AstraZeneca Pharmaceuticals LP et al;* 5:17-cv-00224; EDKY
*Bush v. AstraZeneca Pharmaceuticals L P et al;* 6:17-cv-00669; WDLA
*Winters, Sr. v. AstraZeneca Pharmaceuticals, LP et al;* 3:17-cv-00535; SDIL
*Parker v. Takeda Pharmaceutical Company Limited et al;* 1:17-cv-03764; NDIL
*Bellamy v. Takeda Pharmaceuticals Company Ltd. et al;* 4:17-cv-00289; NDOK
*Milligan v. AstraZeneca Pharmaceuticals LP et al;* 4:17-cv-01546; EDMO
*McGarr v. AstraZeneca Pharmaceuticals LP et al;* 1:17-cv-00183; District of ME
*Ratshidaho v. AstraZeneca LP et al.;* 6:16-cv-03417; WDMO
*Foster v. AstraZeneca Pharmaceuticals LP et al.;* 4:16-cv-01106; WDMO

over the past five months.  As set forth in more detail below, Plaintiffs agree that coordination or consolidation is appropriate and further submits that coordination before the Honorable Claire C. Cecchi, of the District of New Jersey is the most appropriate venue for such proceedings. Despite early protests by Defendants, the request for a Multi District Litigation ("MDL") to address the class of Proton Pump Inhibitors is currently supported by Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP, Pfizer Inc. or Wyeth Pharmaceuticals Inc., and is not disputed by Defendants Proctor & Gamble Co., and Proctor & Gamble Manufacturing Co.

Plaintiffs support the proposal by other Parties[2] that the litigation should specifically be assigned to the Honorable Claire C. Cecchi in the District of New Jersey or, in the alternative, the Honorable David R. Herndon in the Southern District of Illinois.

## II.     TRANSFER AND CONSOLIDATION OF ALL ACTIONS IS APPROPRIATE UNDER 28 U.S.C. § 1407

Counsel concurs with the arguments presented by Seeger Weiss LLP's Motion regarding the propriety of MDL coordination and consolidation.

"When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a).  Pursuant to Section 1407, centralization is appropriate when one or more common questions of fact are pending in different districts; a transfer would serve the convenience of parties and witnesses; and a transfer would promote the just and efficient conduct of the actions. *Id*. at 1407(a).

The present case satisfies all conditions for transfer.  All of the Proton Pump Inhibitor actions raise common questions of fact, including allegations that the Plaintiffs' kidneys were

---

[2] This Response is made to the June 5, 2017 Motion for Transfer of Actions to the District of New Jersey Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings filed by Seeger Weiss LLPs (hereafter "Motion").

injured after taking one or more of the Defendants' defective Proton Pump Inhibitors.  Further, many of the complaints filed in this litigation include allegations that the combined use of different brands of Proton Pump Inhibitors resulted in injury.

In addition, all of the actions are premised on almost identical factual allegations arising from the same class of defective and unreasonably dangerous drugs: PPIs.  All of the PPI actions will share factual questions regarding general causation and the background science regarding the role that PPIs have in causing acute interstitial nephritis and chronic kidney disease.

## III.   THE DISTRICT OF NEW JERSEY

The factors considered by this Panel in determining the appropriate MDL forum include: (1) the location of the parties, witnesses and documents; (2) the accessibility of the proposed transferee district to parties and witnesses; and (3) the respective caseloads of the proposed transferee district courts. *See In re Corn Derivatives Antitrust Litig.*, 486 F.Supp. 929, 93 1-32 (J.P.M.L. 1980).  Each of these factors supports transfer of these actions to the District of New Jersey for consolidated pretrial proceedings.

The United States District Court for the District of New Jersey is an appropriate forum for transfer, coordination and/or consolidation because it is the district in which the most actions have been filed.  Because of the large number of Proton Pump Inhibitor cases that are likely to be filed, it is anticipated that the Proton Pump Inhibitor litigation will require a substantial amount of judicial time and energy. As such, the judicial efficiency and just resolution of these actions is best served by transferring these actions to one skilled jurist in a forum with a light MDL case load.  Movants are confident that Judge Claire C. Cecchi in the District of New Jersey will promote the goal of a just resolution in this MDL as speedily, inexpensively, and fairly as possible.

### a.  The District of New Jersey

The District of New Jersey is the most accessible location for the parties and witnesses. New York/New Jersey has a public transportation system that provides easy access to the proposed venue from a major metropolitan area, and numerous hotels and conference facilities are closely situated to the courthouse in Newark, New Jersey.

### b.  Judge Claire C. Cecchi

Although there is no doubt that many of the Judges on the federal judiciary are fully capable of coordinating and managing a successful MDL, a multi-product MDL is by necessity more difficult, so it stands to reason that a multi-product PPI MDL would benefit from a District and a judge with prior MDL experience.

Judge Claire C. Cecchi of New Jersey is more than qualified to handle and preside over a PPI product liability MDL for a multitude of reasons.  In *In re Insurance Brokerage Antitrust Litigation* MDL No. 1663, Judge Cecchi showed the ability to manage and ensure efficiency while addressing the complex matters of multiple defendants, an intensive industry wide investigation, and a discovery process that spanned nearly a decade.  Judge Cecchi's experience will surely aid in maximizing the outcome of this litigation.

Judge Cecchi has considerable experience presiding over complex MDLs including *K-Dur Antitrust Litigation* MDL No.1419, *In re Hypodermic Products Antitrust Litigation* MDL No. 1730, and *In re Insurance Brokerage Antitrust Litigation.*Judge Cecchi has also presided in numerous high profile class action suits, including *Sanjay Saini v. BMW of North America LLC*, Case No. 2:12-cv-06105, and *In re Horizon Healthcare Services Inc. Data Breach Litigation.*

4

This experience demonstrates her ability to remain focused and fair despite overwhelming public attention.

Outside of multi-district litigations, Judge Cecchi has presided over a number of complex litigations involving pharmaceutical drugs and devices.  For example, Judge Cecchi presided over *Teva Neuroscience, Inc. v. Watson Labs., Inc.* and *In re Hypodermic Products Antitrust Litigation* MDL No. 1730, where she had to understand and apply her knowledge on the subtleties of medical and pharmaceutical products to be able to make swift distinctions in her decisions.

Judge Cecchi is also familiar with FDA regulatory processes specific to PPIs from *Altana Pharma AG v. Teva Pharm. USA, Inc,* a litigation involving pantoprazole, the main active ingredient of the brand name PPI, Protonix, manufactured and sold by Pfizer Inc and under license by Takeda GmbH.  In this case, as a Magistrate Judge, Judge Cecchi gained an intimate knowledge on the regulatory and drug design histories to determine if a competing manufacturer had infringed on the patent for Protonix.

IV.     **THE SOUTHERN DISTRICT OF ILLINOIS**

Alternatively, Plaintiffs request consolidation before Judge David R. Herndon, in the United States District Court for the Southern District of Illinois.  In both The Southern District of Illinois and The District of New Jersey, the actions have advanced far ahead of those in any other jurisdiction.  In addition to his extensive qualifications and experience, Judge Herndon has demonstrated his abilities to efficiently handle large-scale multi-district pharmaceutical personal injury litigations.  In fact, when the decision was made to centralize actions in the Pradaxa MDL before Judge Herndon in the Southern District of Illinois, this Panel praised his efforts, experience, and abilities: "[B]y selecting Judge David R. Herndon to preside over this matter, we are selecting a jurist with the willingness and ability to handle this litigation.  Judge Herndon, an

experienced MDL judge, has deftly presided over *In re Yasmin and Yaz (Drospirenon) Marketing, Sales Practices & Products Liability Litigation*, 655 F. Supp. 2d 1343 (J.P.M.L. 2009), another large pharmaceutical products liability litigation."

<u>CONCLUSION</u>

For the aforementioned reasons, Interested Parties respectfully request the Panel order coordinated or consolidated proceedings for Proton Pump Inhibitors and transfer all pending and future cases to the Honorable Claire C. Cecchi in the District of New Jersey, or in the alternative, the Honorable David R. Herndon in the Southern District of Illinois.

Dated: June 27, 2017                                Respectfully submitted,

/s/ Paul J. Pennock
Paul J. Pennock, Esq.
WEITZ & LUXENBERG, P.C.
*Attorney for Plaintiffs*
700 Broadway
New York, New York 10003
ppennock@weitzlux.com
Phone: (212) 558-5549
Facsimile: (646) 293-7483