**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II) | MDL Docket No. 2789 |

**INTERESTED PARTY RESPONSE IN SUPPORT OF PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

**I.   INTRODUCTION**

Plaintiffs[1] respectfully submit this Interested Party Response in full support of the Motion for Transfer of Actions to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1407 for Coordinated and Consolidated Pretrial Proceedings, filed by Seeger Weiss on behalf of various Plaintiffs. (See MDL No. 2789 Doc. Nos. 1 and 1-1, filed May 31, 2017). Anapol Weiss currently represents Plaintiffs in 84 lawsuits pending in three United States District Courts[2] for kidney injuries arising from the ingestion of Proton-Pump Inhibitors ("PPIs") designed, developed, manufactured, and marketed by the various defendants identified in the initial Motion For Transfer pending before this Honorable Panel. In addition to the 84 actions presently filed, the undersigned counsel represent over 900 additional individuals who ingested PPIs and sustained kidney injuries and are actively investigating those claims. It is

---

[1] Anapol Weiss submits this Interested Party Response in Support of the Motion for Transfer and Consolidation on behalf of the 50 plaintiffs listed on attached schedule of actions.

[2] Anapol Weiss currently has claims pending in the United States District Court of the District of New Jersey, the United States District Court for the Southern District of Illinois, and the United States District Court for the Eastern District of Pennsylvania.

1

anticipated that, following investigation, Anapol Weiss will file in excess of 100 additional PPI cases before the end of the calendar year.

Plaintiffs agree with Movants that the PPI cases before the Panel for consideration of transfer are appropriate for coordination and consolidation pursuant to 28 U.S.C. § 1407. Therefore, we join in Moving Plaintiffs' request to transfer these actions to the United States District Court for the District of New Jersey, before the Honorable Claire Cecchi.

## II. ARGUMENT

Plaintiffs respectfully join in favor of coordination and consolidation of the PPI Litigation cases in a single District Court. Since the Panel's decision denying a prior request (from a different law firm) for coordination and consolidation, the landscape of the PPI litigation has drastically changed with hundreds of cases now filed across the country and strong support for an MDL from the majority of Plaintiffs and Defendants. As such, Plaintiffs herein join in the Motion for Transfer and Consolidation filed by Movants, Seeger Weiss, and respectfully request that this Honorable Panel assign and transfer all related cases to the U.S. District Court for the District of New Jersey before the Honorable Claire Cecchi.

### A. STANDARD FOR TRANSFER AND COORDINATION

28 U.S.C. § 1407 directs the Panel to transfer federal civil actions for pretrial coordination or consolidation where: (1) the cases involve "common questions of fact," (2) the transfer is convenient for the parties and witnesses; and (3) the transfer "promote[s] the just and efficient conduct" of the cases. 28 U.S.C. § 1407(a). Generally speaking, the purpose of Section 1407 is "to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." Manual for Complex Litigation (Fourth) § 20.131 (2004) (*citing In re: Plumbing*

*Fixture cases*, 289 F. Supp. 484 (J.P.M.L. 1968)); *see also* David F. Herr, Multidistrict Litigation Manual § 5:16 (2010).

Multidistrict consolidation is appropriate where it will "promote the just and efficient conduct of 'civil actions involving one or more common questions of fact' that are pending in different district." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1229 (9th Cir. 2006) (*quoting* 28 U.S.C. § 1470(a)). Upon a motion for transfer, the Judicial Panel on Multidistrict Litigation "analyzes each group of cases in light of the statutory criteria and the primary purposes of the MDL process to determine whether transfer is appropriate." *In re PPA Products liability Litigation*, 460 F.3d at 1230.

The Panel has used various criteria to determine the most appropriate transferee forum under 28 U.S.C. § 1407. Among the factors to be considered when selecting a transferee forum are whether the forum: "(1) is not overtaxed with other MDL cases, (2) has a related action pending in its docket, (3) has a judge with some degree of expertise in handling the issues presented, and (4) is convenient to the parties." Herr, David, *Annotated Manual for Complex Litigation*, § 22.32, p. 541 (4th ed. 2007).

### B. MULTIDISTRICT COORDINATION IS APPROPRIATE

The PPI Litigation cases are well situated for centralization under Section 1407 and prevailing case law. The PPI cases that are now scattered in over 30 different federal jurisdictions across the country are closely related in fact and law. They include the same Defendants, they involve the same basic theories of liability, and the same basic factual allegations. Transferring these cases pursuant to 28 U.S.C. § 1407 would enhance the convenience and efficiency of this litigation and negate the inconsistent and conflicting rulings that are being sought and obtained by some Defendants in various jurisdictions, particularly with

3

respect to discovery and other pretrial matters. For example, the Pfizer and Procter and Gamble (P&G) Defendants are currently seeking a different ESI Order in the Eastern District of Pennsylvania from the Order that has already been litigated by these same Defendants and ruled upon in the Southern District of Illinois and which has already been entered with respect to the AstraZeneca Defendants in the District of New Jersey. Such a conflicting Order would result in a production of documents in native format in the Southern District of Illinois as required by Judge Herndon's Order and an entirely different production and format in the Eastern District of Pennsylvania where Pfizer and P&G are currently seeking a ruling requiring production in TIFF plus format. This is exactly the type of conduct that, not only justifies, but necessitates creation of an MDL. Accordingly, Plaintiffs' concur that consolidation is appropriate and necessary.

### C. THE DISTRICT OF NEW JERSEY IS THE APPROPRIATE TRANSFEREE COURT TO EFFICIENTLY MANAGE THE PPI RELATED CASES FOR TRANSFER AND CONSOLIDATION FOR COORDINATION

The selection of an appropriate transferee forum depends largely on the specific facts and circumstances of the litigation being considered for transfer and consolidation and involves a "balancing test" of several factors. *See* Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214 (1977). Among the factors for selection of the transferee Court is the management efficiency of the district court's docket, as well as its suitability as a trial venue. Moreover, the experience of the transferee Court is a pivotal factor in the Panel's transfer analysis. *See, e.g., In re: Janus Mut. Funds Inv. Litig.*, 310 F. Supp. 2d 1359, 1361 (JPML 2004) ("we have searched for a transferee district with the capacity and experience to steer this litigation on a prudent course.")

The United States District Court District of New Jersey has a well-managed docket capable of ensuring timely and expeditious resolution of these consolidated actions. Because of

this, the Panel has previously assigned MDLs to this court. *See In re Zimmer Durom Hip Cup Products Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010); *In re Tropicana Orange Juice Marketing and Sales Practices Litig.*, 867 F. Supp. 2d 1341 (J.P.M.L. 2012); *In re Vytorin/Zetia Marketing, Sales Practice and Products Liab. Litig.*, 543 F. Supp. 2d 1378 (J.P.M.L. 2008); *In re Insurance Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1373 (J.P.M.L. 2005); *In re Hypodermic Products Antitrust Litig.*, 408 F. Supp. 2d 1356, 1357 (J.P.M.L. 2005).

As of the date of this Response, there are over 65 pending PPI claims filed in the District of New Jersey assigned to the Honorable Claire Cecchi. This far exceeds the number of filings in any other federal court where any related actions are currently pending. The Panel routinely designates the district court with the most number of related actions as the transferee forum. *See, e.g., In re Nat'l Arbitration Forum Antitrust Litig.*, 682 F. Supp. 2d 1343, 1346-47 (J.P.M.L. 2010) (selecting the transferee forum because it has the most number of pending litigations and "discovery is underway"); *In re Oil Spill*, 731 F. Supp.2d 1352 (selecting the District of Louisiana as the transferee forum because it has the most number of filed related cases). Therefore, the District of New Jersey serves as a natural transferee forum as it is home to the most number of related parties and requires the least amount of transfer among different district courts.

In addition, the Honorable Claire Cecchi is a respected Jurist having served as a U.S. Magistrate Judge, U.S. District Court for the District of New Jersey, from 2006-2011. In December 2010, Judge Cecchi was nominated by President Barack Obama to a seat on the United States District Court and later confirmed by the Senate in June 2011. Judge Cecchi has substantial experience presiding over complex litigation, including pharmaceutical patent

litigation.. *See Teva Neuroscience, Inc. v. Watson Labs., Inc.,* No. 2:10-CV-05078, 2013 WL 1595585 (D.N.J. Apr. 12, 2013); *Altana Pharma AG v. Teva Pharm. USA, Inc*., No. CIV.A 04-2355, 2009 WL 5818836 (D.N.J. Dec. 1, 2009), *aff'd,* No. CIV.A 04-2355, 2010 WL 451168 (D.N.J. Feb. 5, 2010). Judge Cecchi's depth of experience in relation to pharmaceutical patent litigation notably extends to litigation involving some of the very same PPI medications at issue here (Protonix).  Additionally, Judge Cecchi has previously presided over an MDL involving a large number of Defendants: *In re Insurance Brokerage Antitrust Litigation*, MDL No. 1663, No. 2:04-cv-5184 (D. N.J. 2004).

Moreover, Judge Cecchi has considerable knowledge and understanding of the parties and allegations in these lawsuits.  Judge Cecchi has held four Case Management Conferences since February and has a fifth Case Management Conference scheduled for July 19, 2017. Judge Cecchi has already entered a Protective Order, Electronic Discovery (ESI) Order, Pre-Trial Discovery Order, a Scheduling Order as well as several Case Management Orders.  In addition, document production on behalf of both Plaintiffs and Defendants has begun in accordance with Judge Cecchi's Orders and the parties have engaged in substantial negotiations regarding a Plaintiff Fact Sheet (PFS), Defense Fact Sheet (DFS) and Privilege Log Order. Depositions in accordance with Federal Rule of Civil Procedure 30(b)(6) are scheduled to begin in July and will conclude by September.  Judge Cecchi has prior experience with MDL litigation as well as substantial experience with complex pharmaceutical patent litigation involving PPI's. In addition to Judge Cecchi's relevant and significant experience, it is evident from the following factors that centralization before her Honor will help to promote judicial efficiency because Judge Cecchi:  1) is currently presiding over the largest PPI docket pending in a multitude of federal courts (65 of 183 total cases filed in various federal courts); 2) has already provided  the

parties with significant guidance and has made substantial progress towards advancing the litigation including initial production of documents by both Plaintiffs and Defendants; 3) has already begun the process of streamlining the ongoing discovery of the parties with completion of draft Plaintiff and Defense Fact Sheets, a corresponding enabling order outlining timeframes and the processes for deficiencies, as well as a Privilege Log Order.

Furthermore, the logistical benefit from centralization in Newark, New Jersey warrants transferring these cases to Judge Cecchi in the District of New Jersey.  There are three major airports, including Newark International Airport, readily accessible to the courthouse that service all major metropolitan areas in the United States and abroad and which offer affordable and direct flights to and from cities nationwide.  Additionally, while the District of New Jersey is easily accessible for all traveling parties and witnesses, it is also notable that several of the Defendants have their domestic headquarters located nearby.  In fact, Newark, New Jersey is conveniently sandwiched between the AstraZeneca Defendant, which have been named in the majority of the pending PPI cases across the country and which are headquartered in Delaware, and the Pfizer Defendants, headquartered in New York as well as between two law firms who have filed the majority of the currently pending cases on behalf of Plaintiffs, i.e., Movant, Seeger Weiss, in New York and the undersigned Supporting Respondent, Anapol Weiss, in Pennsylvania (these two firms collectively represent 108[3] of the 183 Plaintiffs with cases pending in federal court). Lastly, the large majority of Plaintiffs and Defendants[4] agree that Judge Cecchi

---

[3] Thirty-three (33) of the One Hundred and Eight (108) cases were filed by Anapol Weiss as local counsel for Zonies Law LLC who has filed a separate submission supporting the Motion to Transfer and Consolidation before Judge Cecchi.

[4] At the time of this submission, Defendants AstraZeneca, Pfizer and P&G have all filed responses in support of the Motion to Transfer and Consolidate the PPI Litigation and all advocated for Judge Cecchi in the District of New Jersey as the transferee forum.

and the District Court of New Jersey is the most logical choice of forum for consolidation of the PPI Litigation. Therefore, Plaintiffs respectfully request that this Honorable Panel transfer all related PPI actions to the United States District Court for the District of New Jersey before the Honorable Claire Cecchi.[5]

### III. CONCLUSION

For the reasons set forth herein, as well as those set forth in Moving Plaintiffs' memorandum, it is respectfully requested that this Honorable Panel order that all related PPI actions be coordinated and consolidated for pre-trial proceedings pursuant to 28 U.S.C. § 1407, and that all such related cases be transferred to the United States District Court for the District of New Jersey before the Honorable Claire Cecchi.

Dated: June 27, 2017                                        Respectfully submitted,

                                                            **ANAPOL WEISS**


                                                             */s/ Sol H. Weiss*
                                                            Sol H. Weiss, Esquire
                                                            Tracy A. Finken, Esquire
                                                            One Logan Square
                                                            130 N. 18th Street
                                                            Suite 1600
                                                            Philadelphia, PA 19103
                                                            Telephone: (215) 735-1130
                                                            sweiss@anapolweiss.com
                                                            tfinken@anapolweiss.com


                                                            *Attorneys for Plaintiffs*

---

[5] Plaintiffs herein agree with the large majority of the Plaintiffs' and Defendants' positions that centralization before Judge Cecchi makes the most sense at the present time given the number of cases already pending and the current advanced state of discovery and coordination already in place before Her Honor, however should this Honorable Panel disagree, Plaintiffs will not object to centralization in the other two venues where Anapol Weiss currently has cases pending (the Eastern District of Pennsylvania and the Southern District of Illinois).

**COUNSEL FOR PLAINTIFFS IN THE FOLLOWING SCHEDULE OF ACTIONS:**

| CASE CAPTION | COURT | CIVIL ACTION NO. |
|---|---|---|
| **Plaintiff(s):** Linda DeVito<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | District of New Jersey (Newark) | 2:17-cv-02465-CCC-MF |
| **Plaintiff(s):** Marshall Jay and Nancy Smith<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | District of New Jersey (Newark) | 2:17-cv-01606-CCC-MF |
| **Plaintiff(s):** Roni Jones<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | District of New Jersey (Newark) | 2:17-cv-02098-CCC-MF |
| **Plaintiff(s):** Marilyn Lane<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | District of New Jersey (Newark) | 2:17-cv-03302-CCC-MF |
| **Plaintiff(s):** Robert Lyttle and Robin Lyttle<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | District of New Jersey (Newark) | 2:17-cv-03562-CCC-MF |
| **Plaintiff(s):** Paulette Muse<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | District of New Jersey (Newark) | 2:17-cv-01870-CCC-MF |

| **CASE CAPTION** | **COURT** | **CIVIL ACTION NO.** |
|---|---|---|
| **Plaintiff(s):** Bonnie Reeves and Tommy Reeves<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP, Takeda Pharmaceuticals USA, Inc.; Takeda Pharmaceuticals America, Inc.; Takeda Pharmaceuticals International, Inc.; Takeda Development Center Americas, Inc.; Takeda Pharmaceutical Company Limited; TAP Pharmaceutical Products, Inc. | District of New Jersey (Newark) | 2:17-cv-04278-CCC-MF |
| **Plaintiff(s):** Shirleyre Robertson<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | District of New Jersey (Newark) | 2:17-cv- 02744 -CCC-MF |
| **Plaintiff(s):** Catherine Segura, *Administratrix of the Estate of Kathy Rogers*<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Wyeth LLC, Wyeth Pharmaceuticals, Inc., Wyeth-Ayerst Laboratories, Pfizer, Inc. | District of New Jersey (Newark) | 2:17-cv- 04295-CCC-MF |
| **Plaintiff(s):** Amanda Starks<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | District of New Jersey (Newark) | 2:17-cv- 02597-CCC-MF |
| **Plaintiff(s):** Clera Mae Tims and Kelvin Tims<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | District of New Jersey (Newark) | 2:17-cv- 03845-CCC-MF |

| **CASE CAPTION** | **COURT** | **CIVIL ACTION NO.** |
|---|---|---|
| **Plaintiff(s):**  Sue Adams<br><br>**Defendants:**  AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00154-JD |
| **Plaintiff(s):**  Dianna Anson<br><br>**Defendants:**  AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Wyeth LLC, Wyeth Pharmaceuticals, Inc., Wyeth-Ayerst Laboratories, Pfizer, Inc. | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00096-JS |
| **Plaintiff(s):**  Billy Ball and Sharon Ball<br><br>**Defendants:**  AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00053-AB |
| **Plaintiff(s):**  William Bartlett and Patricia Bartlett<br><br>**Defendants:**  AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00104-ER |
| **Plaintiff(s):**  Dolores Brookins<br><br>**Defendants:**  AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00055-WB |

| **CASE CAPTION** | **COURT** | **CIVIL ACTION NO.** |
|---|---|---|
| **Plaintiff(s):** David Burnett and Marjorie Burnett<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP, Wyeth LLC, Wyeth Pharmaceuticals, Inc., Wyeth-Ayerst Laboratories, Pfizer, Inc. | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00097-CMR |
| **Plaintiff(s):** Nancy Claxton<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00138-MMB |
| **Plaintiff(s):** Helen Cooper<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00050-JD |
| **Plaintiff(s):** Karen Donald<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP, Takeda Pharmaceuticals USA, Inc.; Takeda Pharmaceuticals America, Inc.; Takeda Pharmaceuticals International, Inc.; Takeda Development Center Americas, Inc.; Takeda Pharmaceutical Company Limited; | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00084-JD |
| **Plaintiff(s):** Ronald Garrity and Barbara Garrity<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00054-JP |

| **CASE CAPTION** | **COURT** | **CIVIL ACTION NO.** |
|---|---|---|
| **Plaintiff(s):** Glenda Griggs<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00150-TJS |
| **Plaintiff(s):** Elbert Hall and Sheila Hall<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP, Takeda Pharmaceuticals USA, Inc.; Takeda Pharmaceuticals America, Inc.; Takeda Pharmaceuticals International, Inc.; Takeda Development Center Americas, Inc.; Takeda Pharmaceutical Company Limited; TAP Pharmaceutical Products, Inc., Procter & Gamble Manufacturing Co., The Procter & Gamble Co. | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00098-GAM |
| **Plaintiff(s):** Kenneth Hamilton and Kenosha Hamilton<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00101-GJP |
| **Plaintiff(s):** Gerald J. Jones, Sr.<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00149-LDD |
| **Plaintiff(s):** Karin Kennedy<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP, Procter & Gamble Manufacturing Co., The Procter & Gamble Co. | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00102-ER |
| **Plaintiff(s):** Charles Ketchum and Phyllis Ketchum<br><br>**Defendants:** AstraZeneca | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00142-HB |

| CASE CAPTION | COURT | CIVIL ACTION NO. |
|---|---|---|
| Pharmaceuticals LP; AstraZeneca LP | | |
| **Plaintiff(s):**  Nickey King and Christi King<br><br>**Defendants:**  AstraZeneca Pharmaceuticals LP; AstraZeneca LP, Procter & Gamble Manufacturing Co., The Procter & Gamble Co., Pfizer, Inc. | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00103-JS |
| **Plaintiff(s):**  Diane Lapolla and Lou Lapolla<br><br>**Defendants:**  AstraZeneca Pharmaceuticals LP; AstraZeneca LP, Takeda, et al. | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00152-JP |
| **Plaintiff(s):**  Gaylon Mallard and Marilyn Mallard<br><br>**Defendants:**  AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00082-LS |
| **Plaintiff(s):**  Manuel Martinez and Joyce Martinez<br><br>**Defendants:**  AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00080-CDJ |
| **Plaintiff(s):**  Jerry McDaniel<br><br>**Defendants:**  AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00151-JHS |

| CASE CAPTION | COURT | CIVIL ACTION NO. |
|---|---|---|
| **Plaintiff(s):** Nathan Miller and Lola Miller<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP, Takeda Pharmaceuticals USA, Inc.; Takeda Pharmaceuticals America, Inc.; Takeda Pharmaceuticals International, Inc.; Takeda Development Center Americas, Inc.; Takeda Pharmaceutical Company Limited; TAP Pharmaceutical Products, Inc. | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00105-BMS |
| **Plaintiff(s):** Linda Newell and Robert Newell<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00156-PBT |
| **Plaintiff(s):** Flo Pack<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00081-GEKP |
| **Plaintiff(s):** CarolAnn Parms<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00153-WB |
| **Plaintiff(s):** Gary Perdew<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00140-JP |

| **CASE CAPTION** | **COURT** | **CIVIL ACTION NO.** |
|---|---|---|
| **Plaintiff(s):**  Mary Riggs and Robert Riggs<br><br>**Defendants:**  AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00157-MSG |
| **Plaintiff(s):**  J. Evelyon Robinson, Sr. and Jeanette Robinson<br><br>**Defendants:**  AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00083-ER |
| **Plaintiff(s):**  Glen Romero and Vickie Sue Romero<br><br>**Defendants:**  AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00107-JP |
| **Plaintiff(s):**  Donald Runyons<br><br>**Defendants:**  AstraZeneca Pharmaceuticals LP; AstraZeneca LP, Wyeth LLC, Wyeth Pharmaceuticals, Inc., Wyeth-Ayerst Laboratories, Pfizer, Inc. | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00155-JHS |
| **Plaintiff(s):**  Robert Russ and Margaret Russ<br><br>**Defendants:**  AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00052-GEKP |
| **Plaintiff(s):**  Catherine Segura, *Administratrix of the Estate of Kathy Rogers*<br><br>**Defendants:**  Wyeth LLC, Wyeth Pharmaceuticals, Inc., Wyeth-Ayerst Laboratories, Pfizer, Inc. | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00141-GJP |

| CASE CAPTION | COURT | CIVIL ACTION NO. |
|---|---|---|
| **Plaintiff(s):** Wanda Stafford<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00100-JP |
| **Plaintiff(s):** Jeannette Stockton<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00051-RBS |
| **Plaintiff(s):** Danny Swift<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00139-CDJ |
| **Plaintiff(s):** Martha Valentine<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00148-JP |
| **Plaintiff(s):** Karen Vertrees and Mark Vertrees<br><br>**Defendants:** Takeda Pharmaceuticals USA, Inc.; Takeda Pharmaceuticals America, Inc.; Takeda Pharmaceuticals International, Inc.; Takeda Development Center Americas, Inc.; Takeda Pharmaceutical Company Limited; , TAP Pharmaceutical Products, Inc. | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00079-CMR |

| CASE CAPTION | COURT | CIVIL ACTION NO. |
|---|---|---|
| **Plaintiff(s):** Sandra Whitaker<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP, Procter & Gamble Manufacturing Co., The Procter & Gamble Co. | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00160-JP |
| **Plaintiff(s):** Jimmie Willingham<br><br>**Defendants:** AstraZeneca Pharmaceuticals LP; AstraZeneca LP, Wyeth LLC, Wyeth Pharmaceuticals, Inc., Wyeth-Ayerst Laboratories, Pfizer, Inc. | Eastern District of Pennsylvania (Philadelphia) | 2:17-cv-00095-JS |